USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/26/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA, *ex rel.* :
ALLEN TIMOTHY YU :
 :
                Plaintiff, :   1:17-cv-2226-GHW
      -against- :
 :   MEMORANDUM OPINION &
GRIFOLS USA, LLC, GRIFOLS BIOLOGICALS :   ORDER
LLC f/k/a GRIFOLS BIOLOGICALS, INC., :
GRIFOLS, S.A., GRIFOLS SHARED SERVICES :
NORTH AMERICA, INC. f/k/a GRIFOLS, INC. :
 :
                Defendants. X
------------------------------------------------------------------

GREGORY H. WOODS, United States District Judge:

    Defendants Grifols USA, LLC, Grifols Biologicals, LLC, Grifols, S.A., and Grifols Shared Services North America, Inc. (collectively, "Defendants") manufacture pharmaceutical products. Relator, Allen Timothy Yu, worked as a quality assurance manager at Defendant's plant in Los Angeles, California. He alleges that Defendants knowingly submitted false information to the United States Food and Drug Administration (the "FDA") to obtain FDA approval for the opening and operation of the Los Angeles plant. As a result, Relator brought this action under the False Claims Act, 31 U.S.C. § 3729, *et seq.*, claiming that Defendants' misrepresentations to the FDA led to millions of dollars of false claims to Medicare and other government healthcare programs. After a lengthy investigation, the United States declined to intervene in this action, leaving Relator to pursue it on behalf of the United States.

    Defendants moved to dismiss Relator's amended complaint pursuant to Rule 12(b)(6). *See* Motion to Dismiss the First Amended Complaint, Dkt. No. 72 (the "Motion to Dismiss"). To the Motion to Dismiss, Defendants attached Exhibit A, which is purported to be a Prior Approval Supplement that was submitted to the Food and Drug Administration in 2014 during the approval process for Defendants' Los Angeles plant. Relator moved to strike Exhibit A, arguing that it is not

integral to his complaint, nor can its authenticity be verified.  *See* Plaintiff-Relator's Memorandum of Law in support of his Motion to Strike the Extraneous Document Filed by Defendants in support of their Motion to Dismiss, Dkt. No. 76 ("Mot. to Strike").  For the reasons that follow, the Motion to Strike is DENIED.

I.      DISCUSSION

A motion to strike is not the correct procedural vehicle for the relief that Relator requests.  Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which permits courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Motions to strike are generally disfavored, and "courts should not tamper with the pleadings unless there is a strong reason for so doing."  *E.g.*, *City of New York v. Fedex Ground Package Sys., Inc.*, 314 F.R.D. 348, 354 (S.D.N.Y. 2016) (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)); *see also Allocco v. Dow Jones & Co.*, No. 02-cv-1029 (LMM), 2002 WL 1484400, at *1 (S.D.N.Y. July 10, 2002) (stating that motions to strike "will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation" (internal quotation marks and citation omitted)).  The text of the rule permits a court to strike materials from "a pleading."  As a result, some courts have declined to strike documents other than pleadings under the rule.  *See e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Hicks, Muse, Tate & Furst, Inc.*, No. 02 CIV. 1334 (SAS), 2002 WL 1482625, at *6 (S.D.N.Y. July 10, 2002) (declining to strike declarations attached to a reply memorandum because, "Rule 12(f) allows a court to strike pleadings only.  Declarations and affidavits are not pleadings"); *Watkins v. New Castle Cty.*, 374 F. Supp. 2d 379, 394 (D. Del. 2005) (declining to strike an exhibit to a summary judgment reply brief because "Rule 12(f) applies only to pleadings, not motions and related documents").

Relator has not presented any pertinent argument in support of his motion to strike this exhibit.  He does not argue that the document is "redundant, immaterial, impertinent, or

scandalous." Fed. R. Civ. P. 12(f). He does not address the high burden associated with a motion to strike a document from the record in its entirety. Indeed, Relator does not even cite Rule 12(f) in his motion. Instead, Relator conflates the standard applicable to a motion to strike a document from the record in its entirety with the standard for whether the courts can consider documents extrinsic to a complaint in the context of a motion to dismiss—namely, those that are incorporated by reference or those "where the complaint relies heavily upon [the document's] terms and effect, thereby rendering the document integral to the complaint." *See* Motion to Strike at 3–4; *see also*, *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir.2016) (citations and internal quotation marks omitted).

The question of whether to consider a document on a motion to dismiss is distinct from the question of whether it should be stricken entirely from the record: the Court can decline to consider a document when deciding a motion to dismiss, but that document may nonetheless remain a part of the record. *See Watkins*, 374 F. Supp. 2d at 394 ("I have not considered the Report in rendering decision on the present motions. . . . Having said that, however, I need not and will not disturb the record by striking material from it."). Relator's motion rests on the false premise that the legal standard is the same.

## II.   CONCLUSION

Relator has not presented any viable justification to strike Exhibit A from the record of this case.. Accordingly, Relator's Motion to Strike is DENIED.

However, the Court will consider the arguments presented in Relator's Motion to Strike in the correct procedural context—namely, to evaluate whether the Court should consider Exhibit A in deciding Defendant's Motion to Dismiss. The Court will address those arguments in its forthcoming decision on Defendant's Motion to Dismiss.

The Clerk of Court is instructed to terminate the motion at Dkt. No. 76.

Dated: September 26, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge

4